UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER J. COX,

    Plaintiff,

v.                                       06-CV-3197

VINCENT CHILDERS,[1]

    Defendant.

## Order

The plaintiff moves to reconsider this court's merit review order, apparently in relation to the plaintiff's claim that he was tasered while unconscious at the Christian County Jail, in an attempt to erase his memory.

*Analysis*

Plaintiff alleges in his motion to reconsider that Deputy Marran, one of the defendants dismissed on merit review, is "registered" to use tasers, while Defendant Childers is not. The plaintiff asks, "Was the plaintiff tasered in the presence of Dr. Adams? Or did Adams divulge information, front lobes of brain contain memory?" (d/e 12). He alleges he believes he was tasered while unconscious because he noticed four "taser marks" on his face while shaving, three days after he was taken into custody. His complaint alleges, "I notice 4 red dots the size of a no. #2 pencil eraser head or just a little bit bigger on my face when I was shaving one on either side of my forehead and one directly below them on either side of my face. Taser unconscious man in apparent attempt to erase memory."

The Court is of the opinion that these allegations are factually frivolous. *See*, *e.g.*, *Gladney v. Pendleton*, 302 F.3d 773 (7th Cir. 2002)(allegations that guards allowed inmates to drug and sexually assault plaintiff while he was asleep for period of three years; plaintiff allegedly discovered abuses when he noticed a needle mark under his lip); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)(same); *see also Edwards v. Snyder*, 478 F.3d 827 (7th Cir. 2002)("A claim is factually frivolous if its allegations are bizarre, irrational or incredible."). That is why Plaintiff was not allowed to proceed *in forma pauperis* on this claim, though the reason was not expressly stated in the merit review order. Accordingly, Plaintiff's motion to reconsider is denied.

---

[1]The other defendants were terminated on November 16, 2006.

On a separate matter, the Court notes that Defendant Childers has filed a motion for summary judgment which shows that the plaintiff was convicted of armed violence and unlawful restraint, apparently in connection with the incident that gives rise to the plaintiff's excessive force claim. The Court is concerned that the plaintiff's excessive force claim may be barred at this time because it implies the invalidity of his criminal convictions. *See McCann v. Neilsen*, 466 F.3d 619 (7th Cir. 2006); *Jayne v. Kozak*, 10 F. Supp. 2d 1032 (C.D. Ill. 1998). Accordingly, Defendants will be directed to file a supplemental summary judgment motion addressing this issue.

IT IS THEREFORE ORDERED:

1) The plaintiff's motion for reconsideration is denied (d/e 12).

2) The plaintiff's motion for judicial notice is denied (d/e 16), because it appears the documents have been altered with additional handwriting. However, the court notes that Defendants have submitted the same documents in their motion for summary judgment (unaltered), which will be considered.

3) By May 31, 2007, the Defendant is directed to file a second motion for summary judgment to replace the first motion for summary judgment in its entirety. In addition to the matters addressed in the first summary judgment, the second summary judgment shall address whether the plaintiff's excessive force claim is barred and shall have attached the records of the plaintiff's criminal proceedings. Additionally, to ensure a justiciable question of fact exists for trial, the second summary judgment motion should address what injuries the plaintiff sustained and have attached the plaintiff's relevant hospital and other medical records documenting those injuries.

Entered this   2ND   Day of        MAY         , 2007.

s/Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE